# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| STATE OF DELAWARE, | : | |
| | : | I.D. No. 1703006467 |
| v. | : | |
| | : | |
| ERICK J. WYATTE, | : | |
| | : | |
| Defendant. | : | |

Trial Held: January 23-24, 2018
Decided: February 12, 2018

## ORDER

Upon the Defendant's Motion for Judgment of Acquittal
and Decision After Non-Jury Trial Held Before the
Honorable William L. Witham, Jr.

Stephen E. Smith, Esquire of the Department of Justice, Dover, Delaware; attorney for the State of Delaware.

Andre M. Beauregard, Esquire of Brown Shiels & Beauregard, LLC, Dover, Delaware; attorney for the Defendant.

WITHAM, R.J.

### *I. The Defendant's Motion for Judgment of Acquittal*

Before the Court addresses the individual charges brought against the Defendant, Erick J. Wyatte, the Court will address Mr. Wyatte's Motion for Judgment of Acquittal, that was raised at the end of the bench trial in this matter. Mr. Wyatte contends that he is entitled to judgment of acquittal in this case because the State allegedly failed to provide him with necessary discovery that he requested prior to trial. The Court declines to address the merits of Mr. Wyatte's contention, however, because, as the Court previously explained, trial is not the appropriate time to raise disputes with respect to alleged discovery violations. Mr. Wyatte should have, and certainly could have, raised his concerns with the Court well in advance of trial. As he did not, the Court deems his arguments as waived. Nevertheless, in doing so this Court has weighed the relevant factors in affording the required discovery and finds that the equities favor the State.

### *II. The Court's Bench Decision*

Pursuant to Superior Court Criminal Rule 23(a), Mr. Wyatte requested a non-jury trial. The Court, after a searching inquiry of Mr. Wyatte's right to a jury trial, approved his waiver of that right, as it was knowing and voluntary, and conducted a trial in accordance with Superior Court Criminal Rule 23(c). The Defendant is charged with the following charges:

Count 1: Non-Compliance with Bond, a felony, in violation of 11 *Del. C.* § 2113.

Count 2: Fleeing and Eluding, a felony, in violation of 21 *Del. C.* § 4103.

Count 3: Assault in the First Degree, a felony, in violation of 11 *Del. C.* § 613.

Count 4: Vehicular Assault in the First Degree, a felony, in violation of 11 *Del. C.* § 629.

Count 5: Driving While Suspended or Revoked, a misdemeanor, in violation of 21 *Del. C.* § 2756.

Count 6: Failure to Stop at a Stop Sign, in violation of 21 *Del. C.* § 4164.

Count 7: Unreasonable Speed, in violation of 21 *Del. C.* § 4168.

Count 8: Driver Must Wear Properly Adjusted and Fastened Seatbelt, in violation of 21 *Del. C.* § 4802.

Count 9: Knowingly Operating a Motor Vehicle on Private Real Property Without Consent of the Owner, in violation of 21 *Del. C.* § 4191.

Count 10: Leaving the Scene of a Property Damage Accident, in violation of 21 *Del. C.* § 4201.

Count 11: Failure to Report a Collision, in violation of 21 *Del. C.* § 4203(a).

This constitutes the Court's decision:

First, the Court finds Mr. Wyatte **GUILTY** of Non-Compliance with Bond, as he knowingly and unlawfully had contact with Mikaela Ray's property. Specifically, Mr. Wyatte violated the terms of his bond – to refrain from contacting Ms. Ray or her property – when he jumped on Ms. Ray's vehicle and attempted to gain access to the interior of the vehicle by pulling on its handles. In addition, Ms. Ray testified that Mr. Wyatte drove his vehicle around into her backyard. The breach of this bond cannot be, as Mr. Wyatte contended at trial, waived. On the issue of waiver, the Court directs Mr. Wyatte's attention to what has been marked as Joint Ex. 1. It states, in part, "[y]ou understand that, because this is an order of the Court, you cannot

3

violate this order even if the alleged victim requests, agrees, or contacts you in violation of this order."

Second, the Court finds Mr. Wyatte **GUILTY** of Fleeing and Eluding,[1] as it is apparent that, while driving a motor vehicle on a public street, Mr. Wyatte operated his vehicle in disregard of a clearly discernable police signal. In making this determination, the Court – after reviewing the MVR marked as Joint Ex. 4 – observed that Officer Killen, of the Dover Police Department, positioned his vehicle directly in front of Mr. Wyatte's vehicle before immediately engaging the patrol vehicle's emergency lights. In spite of the Officer's obvious attempt to stop Mr. Wyatte's vehicle, Mr. Wyatte drove around Officer Killen's vehicle into the oncoming lane of traffic, where Officer Smith's vehicle was stopped. Then, Mr. Wyatte maneuvered around Officer Smith's vehicle, continuing onto the roadway and eventually onto Route 13, in obvious flight from the two officers' attempted detention. As the Court is unconvinced that Mr. Wyatte's conduct was innocent, the Court can safely conclude that he did disregard a police officer's signal in violation of 21 *Del. C.*§ 4103.

Third, the Court finds Mr. Wyatte **NOT GUILTY** of Assault in the First Degree, as he did not intentionally cause the victim, Carol Thompson, serious physical injury. More precisely, although Ms. Thompson suffered a broken wrist,

---

[1] It should be noted that the statute under which the State seeks a conviction is titled "Obedience to Authorized Person Directing Traffic", not Fleeing and Eluding, in violation of 21 *Del. C.* § 4103(b). The pattern instruction generally approved by the Superior Court is Disregarding a Police Officer's Signal.

4

extensive bruising, road rash, and possibly a brain contusion, the State has failed to demonstrate, beyond a reasonable doubt, that Ms. Thompson's injuries created a substantial risk of death, a serious and prolonged disfigurement, prolonged impairment of health, or prolonged loss or impairment of the function of any bodily organ. *See* 11 *Del. C.* § 222(26).[2]

However, the Court, in accordance with 11 *Del. C.* § 206, finds Mr. Wyatte **GUILTY** of Assault in the Third Degree, as he recklessly caused Ms. Thompson's physical injuries. The Court's determination of recklessness is based upon (1) Mr. Wyatte's apparent flight from officers; (2) the high rate of speed that he engaged in to effectuate his escape; and (3) the fact that his blood tested positive for PCP. Although there is no definitive proof of Mr. Wyatte's exact speed, the Court can reasonably conclude, as well as glean a reasonable inference, based upon the amount of time required for officers to catch up to Mr. Wyatte after the officers initial encounter with him, that Mr. Wyatte was traveling well above the speed limit in order to elude the officers. These three factors, when combined, certainly establish a conscious disregard of a substantial and unjustifiable risk to every driver and pedestrian present on the roadway. Next, concerning the causation of Ms. Thompson's injuries, it is apparent that the Court's fears regarding Mr. Wyatte's recklessness were justified, because, as a direct result of Mr. Wyatte's conduct, Ms. Thompson suffered injuries when, in a necessary attempt to avoid Mr. Wyatte's

---

[2] The Court notes that we only have circumstantial evidence of the Defendant striking Ms. Thompson.

5

vehicle, she fell onto the roadway. The Court finds that Ms. Thompson's conduct was reasonable. And, therefore, the Court concludes that Mr. Wyatte caused her injuries. Finally, the Court finds that the injuries suffered by Ms. Thompson clearly constituted physical injuries, since her injuries include: a broken wrist that required surgery, severe bruising to her face, and road rash.

Fourth, the Court finds Mr. Wyatte **NOT GUILTY** of Vehicular Assault in the First Degree, because, as previously explained, the State failed to meet the burden of proof beyond a reasonable doubt that Ms. Thompson's injuries constitute serious physical injuries, as defined by the Delaware Code.

However, the Court, in accordance with 11 *Del. C.* § 206, finds Mr. Wyatte **GUILTY** of Vehicular Assault in the Second Degree, as he negligently caused Ms. Thompson's physical injuries while under the influence of drugs. The drug, as demonstrated by State's Exhibit 19, being PCP. And, in fact, Mr. Wyatte's conduct constituted more than negligence, as it has been previously described as reckless, which is a higher standard for the State to prove. Finally, since the Court has already established that Ms. Thompson suffered physical injuries, the Court refers the parties to those injuries as previously described.

Fifth, the Court finds Mr. Wyatte **GUILTY** of Driving While his License was Revoked, as demonstrated by Joint Ex. 3, Mr. Wyatte's certified driving record.

Sixth, the Court finds Mr. Wyatte **GUILTY** of Failure to Stop at a Stop Sign, because, as depicted in the MVR, he did not stop at a stop sign immediately prior to his vehicle overturning.

Seventh, the Court finds Mr. Wyatte **GUILTY** of Unreasonable Speed, as

prohibited by 21 *Del. C.* 4168. As previously mentioned by the Court, although the Court cannot identify the exact speed that Mr. Wyatte was traveling, the Court can reasonably conclude that his speed was greater than what was reasonable and prudent under the circumstances, based upon the length of time required for police to catch up to him after the initial police encounter. Moreover, Mr. Wyatte's disregard for actual and potential hazards was certainly demonstrated when he caused the injuries to Ms. Thompson, then later when he struck a parked vehicle.

Eighth, the Court finds Mr. Wyatte **GUILTY** of Failing to Have his Seat Belt Fastened, as demonstrated by Officer Smith's testimony. More precisely, the Court is referring to Officer Smith's testimony where he described finding Mr. Wyatte in the backseat of his vehicle, lying on the roof, after his vehicle had overturned. This indicates to the Court that Mr. Wyatte was not secured by a seatbelt. Therefore, the Court finds Mr. Wyatte in violation of 21 *Del. C.* § 4802.

Ninth, the Court finds Mr. Wyatte **NOT GUILTY** of Trespass by Motor Vehicle, as it is apparent that the State made an error in charging Mr. Wyatte. 21 *Del. C.* § 4191 refers to requirements for trailers and towed vehicles. Whereas, 21 *Del. C.* § 4191A, refers to the trespass of a motor vehicle on private property. The distinction, although seemingly minor, is important. Moreover, it is apparent that, even if the Court considers the proper code section, Mr. Wyatte's operation of his vehicle on private property does not violate the Delaware Code because he did not do so knowingly. Rather, as a result of his collision with a parked vehicle, Mr. Wyatte was forced onto the front lawn of a homeowner. As there is no indication that Mr. Wyatte was aware that it was practically certain that his driving would cause such

7

a result, the Court finds that he has not violated 21 *Del. C.* § 4191A.

Tenth, the Court finds Mr. Wyatte **GUILTY** of Leaving the Scene of a Property Damage Accident, as it is apparent that he collided with a parked vehicle, resulting in what appeared to be significant damage, then left the scene without immediately stopping at the scene of the collision. The Court refers to the MVR, again, which depicts Mr. Wyatte immediately fleeing after he collided with the vehicle. The Court presumes that he did not have a chance to exchange information with the owner of the vehicle prior to speeding away, in continuance of his escape from police.

Eleventh, the Court finds Mr. Wyatte **GUILTY** of Failure to Report a Collision, as he did not immediately report his collision with the vehicle depicted in the MVR to the police agency which had the primary jurisdictional responsibility for the location in which the collision occurred. Instead, Mr. Wyatte continued his flight from police, albeit for a short period of time. Thus, the Court finds that Mr. Wyatte has violated 21 *Del. C.* 4203(a).

The Court notes that all findings are made beyond a reasonable doubt.

IT IS SO ORDERED.

Hon. William L. Witham, Jr.
Resident Judge

WLW/dmh
oc:     Prothonotary
cc:     Stephen E. Smith, Esquire
        Andre M. Beauregard, Esquire

8